**865. OFFICE AND OFFICERS.**
Action against Superintendent of Banks must be brought in Franklin County.
In Presti v. Scott. OA. 5 Abs. 565.

**887. PARTIES.**
Sustaining of demurrer on ground of misjoinder of parties does not call for dismissal of appeal as against all parties.
Willis v. Ohio Bell Telephone Co. OA. 5 Abs. 570.

**985. QUO WARRANTO.**
Where ultimate purpose of proceeding is to oust insurance corporation; dissolution thereof and distribution of assets being incidental, action is one in quo warranto, and Court of Appeals has jurisdiction.
Conn, Supt. v. Catholic Slovak Union. OA. 5 Abs. 564.

**997. REAL ESTATE.**
Where, in contract to purchase real estate, parties understand that purchaser desires to purchase property for purposes other than allowed by restrictions, and owner is to have such restrictions removed; prospective purchaser is entitled, upon failure of the owner to have said restrictions removed to recover money paid as part of consideration.
Cummins, et v. Weiber. OA. 5 Abs. 562.

**1053. ROADS AND HIGHWAYS.**
City of Cleveland not liable under 3714 GC. for care, supervision and control of dirt road across Warrensville Farm because such road is located in another municipality.
Boesel v. Cleveland (City). OA. 5 Abs. 564.

**1066. SCINTILLA RULE.**
The scintilla rule, as to negligence and contributory negligence, applies in Ohio.
Weber v. Cleveland (City) et. OA. 5 Abs. 561.

**1089. SETTLEMENTS.**
Settlement made by owner of truck to one of two persons injured not evidence which is competent in suit brought by remaining injured party as tending to prove admission on part of owner of truck, that collision was due to his negligence.
Leibowitz v. Polstein. OA. 5 Abs. 567.

**1138. SURETY BONDS.**
Bonding company not liable to lien holders unless completion bond, by its terms, specifically includes them.
Cleveland Window Glass & Door Co. v. National Surety Co.. OA. 5 Abs. 569.

**1157. TAXATION.**
Taxpayer, claiming to have paid taxes under increased valuation, cannot avail himself of provisions of 12075 GC. by seeking to enjoin collection of such taxes, unless he pursues administrative remedies provided in 5609 and 5610 GC.
(Hamond, Treas. v. Winder, Rec., 112 OS. 158. followed.)
University Club Co. v. McBride, Treas. OA. 5 Abs. 561.

**1235. VERDICTS.**
Where violence of blows in assault is such that plaintiff sustained fractured rib and other bodily injuries causing great pain, a verdict of $500.00 is not excessive.
Bestyewski v. Kess. OA. 5 Abs. 561.

**1272. WITNESSES.**
Testimony that witness "has been engaged in this and similar work for many years," qualifies witness as expert.
S. field v. Fox. OA. 5 Abs. 565.

---

**EPITOMIZED OPINIONS**
**Published only in the Abstract**

No. 621

PRESTI v. CLEVELAND RY. CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7380. Decided May 23, 1927.

**118. AUTOMOBILES—Preference given to vehicle nearest intersection, does not deprive vehicle traveling at right angles, from proceeding, if it can do so with the exercise of reasonable care.**

Error to Common Pleas. Judgment affirmed.

**First Publication of this Opinion**

SULLIVAN, PJ.

Judgment for the Cleveland Railway Co. was entered in the Cuyahoga Common Pleas in an action in which Charles Presti, who was plaintiff, sought to recover damages for personal injuries and property damage sustained in a collision at the intersection of E. 47th St. and Woodland Ave., in the city of Cleveland.

It is claimed that counsel for the Company was guilty of misconduct in his argument to the jury. It is apparent that the argument of counsel, for plaintiff, was provocative of the language employed by Company's attorney and which was complained of; and under all the authorities, the judgment will not be reversed, because there is an colloquy between counsel upon the same subject before the jury in argument.

The court gave in part, the following charge: "I charge you that * * * the street car of the defendant under the ordinances and state laws had the right of way over the vehicle operated by the plaintiff on the day in question. By the right of way, I mean that the street car of the defendant had the right to proceed uninterruptedly in a lawful manner in the direction in which it was proceeding, in preference to the vehicle of the plaintiff, approaching from E. 47th St.

"This charge assumes that the Railway Co. had the right of way to the extent that the plaintiff was bound to stop his vehicle and surrender that right which he had, to the highway, to wit: to cross at the intersection with the exercise of reasonable care.

"By the charge, especially by the use of the word uninterruptedly, it would appear that it was the duty, because of the right of way alone, for the automobile driver to stop until the railway motorman, having the right of way, passed safely over, notwithstanding by

the exercise of reasonable care, the automobile may have been able to make the intersection safely and without interrupting the passage of the car.

"It still remains, however, the province of the court and jury to determine whether the respective parties have exercised the degree of care imposed on them; and the fact that one party is entitled to priority does not relieve him from the duty of exercising reasonable care to avoid injury to other travelers." Huddy on Automobiles.

A reasonable interpretation of request charge number three given by the court at the defendant's request, and which is prejudicial error, means that the plaintiff was guilty as a matter of law, if he attempted to cross the intersection in question, in the face of the law and ordinance as to the right of way, even though he had the right to do so if it could be done by the exercise of ordinary care.

Judgment therefore reversed and cause remanded.

(Levine, J., concurs; Vickery, J., dissents).

Attorneys—Anderson and Lamb and Harry G. Fuerst for Presti; Squire, Sanders & Dempsey for Company; all of Cleveland.